UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KARA STERNQUIST,**

 Petitioner,

v.              **No. 4:25-cv-1330-P**

**WARDEN, FMC CARSWELL,**[1]

 Respondent.

## ORDER OF DISMISSAL

 Kara Sternquist sent correspondence to the Honorable Dora L. Irizarry, United States District Judge, Eastern District of New York, complaining of lack of medical care provided at FMC Carswell. ECF No. 1. By summary order signed November 20, 2025, Judge Irizarry construed the correspondence as a petition for writ of habeas corpus, consistent with the practice of the United States Court of Appeals for the Second Circuit, and ordered that the petition be transferred to this Court, where it was assigned to the docket of the undersigned. ECF No. 2.

 In this circuit, allegations of inadequate medical care are not cognizable under § 2241. *Mora v. Warden*, 480 F. App'x 779, 2012 WL 23016657, at *1 (5th Cir. 2012) (medical needs claim is not cognizable under § 2241); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) (claims related to medical needs are not a matter of illegal or unconstitutional restraint). When a prisoner challenges conditions of confinement, such as inadequate medical care or deliberate indifference

---

[1] In a habeas-corpus proceeding, the proper respondent is the petitioner's immediate physical custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner is confined in the Federal Medical Center Carswell. Thus, the proper respondent is the Warden. The clerk of Court is, therefore, **directed** to **ADD** and **DESIGNATE** "Warden, FMC Carswell" as the party respondent in this action.

to serious medical needs, a civil rights action is the appropriate vehicle to seek relief. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). Accordingly, the petition is **DISMISSED** for want of jurisdiction.

**SO ORDERED** on this **2nd day** of **December 2025.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE